### 20927. BELLO v. MILHOLLAND *et al.*

HEAD, Presiding Justice. 1. "No cause shall be carried to the Supreme Court . . . upon any bill of exceptions while the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause or final as to some material party thereto, or unless the judgment is one sustaining, overruling, or dismissing a plea to the jurisdiction, or a plea of res judicata, or one sustaining or overruling a general demurrer to a caveat to the probate of a will, . . ." Code § 6-701, as amended, Ga. L. 1957, pp. 224, 230.

2. "The dismissal of a cross-bill or answer is not such a final

disposition of a cause as may be reviewed in this court." *Williams v. Kwik Shake Dispenser Mfg. Co.,* 214 Ga. 478 (105 S. E. 2d 457), and cases cited. The order denying the motion to dismiss the cross-bill, "if it had been rendered as claimed by the plaintiff in error," would not have been a final disposition of the cause.

3. The order requiring the claimants to the fund to interplead was an interlocutory order, and the cause is still pending in the trial court.

*Writ of error dismissed. All the Justices concur, except Duckworth, C. J., disqualified.*

SUBMITTED JUNE 14, 1960—DECIDED JUNE 28, 1960.

*Wendell C. Lindsey,* for plaintiff in error.

*Lucio L. Russo, Wm S. Shelfer, Dunaway, Embry & Shelfer,* contra.

On January 15, 1960, Mrs. Carie Milholland filed a petition against Mrs. V. J. Bello and Life Insurance Company of Georgia, alleging: that she is the widow of W. C. Milholland, who died on December 20, 1959; at the time she contracted marriage with the deceased on September 15, 1959, he had agreed to name her as the beneficiary on a life-insurance policy in the amount of $10,000, issued by Life Insurance Company of Georgia; the person named as the beneficiary on the policy is Mrs. V. J. Bello; and the deceased breached the prenuptial contract made with the plaintiff; Mrs. Bello has refused to accept the terms of the contract made by the deceased with the plaintiff; and the insurance company refuses to recognize her claim as the beneficiary under the policy. The plaintiff prayed for the enforcement of the contract between her and the deceased; that Mrs. Bello be enjoined from collecting the proceeds of the policy, and the insurance company be enjoined from paying the proceeds of the policy to Mrs. Bello; that the insurance company pay the proceeds of the policy into court; and for other relief.

Life Insurance Company of Georgia filed an answer and cross-bill, praying that it be allowed to pay the sum of $10,000 into court; that the plaintiff and the defendant Mrs. Bello be re-

quired to interplead and set up their claims to the fund; that it be discharged from all liability on the policy; and that it be allowed a reasonable amount for attorney's fees for preparing and filing the cross-bill for interpleader.

On March 8, 1960, Mrs. Bello made an oral motion in the nature of a general demurrer to dismiss the cross-bill for interpleader, which motion was denied. On the following day, the trial judge entered an order directing the two claimants to interplead; adjudicating that Life Insurance Company of Georgia had discharged its full liability under the policy in dispute by paying the sum of $10,000 into the registry of the court; ordering that this sum be held by the clerk until the further order of the court; and awarding a fee of $300 to attorneys for Life Insurance Company of Georgia from the fund in the hands of the clerk. On March 14, 1960, this order was modified by striking from it the paragraph awarding the fee of $300, reserving the question of attorney's fees until the final hearing in the case.

Mrs. Bello brought her bill of exceptions to this court, assigning error on the order denying her oral motion to dismiss the cross-bill of Life Insurance Company of Georgia, and the order directing her and the plaintiff to interplead.